BROWN GAVALAS & FROMM LLP
*Attorneys for Defendant*
SILVER BIRCH GP, LLC
60 East 42nd Street, Suite 4600
New York, New York 10165
(212) 983-8500


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
HDI GLOBAL INSURANCE COMPANY,

      Plaintiff,                             1:23-cv-02915-PAE

          v.                              **ANSWER TO COMPLAINT**

SILVER BIRCH GP, LLC.

      Defendant.
---------------------------------------------------------X

       Defendant, SILVER BIRCH GP, LLC ("Defendant"), by its attorneys Brown Gavalas & Fromm LLP, answers the Complaint of the Plaintiff as follows:

       1.      Defendant admits that the Court would have subject matter jurisdiction over the matters alleged in the Complaint pursuant to 28 U.S.C. § 1333, and that the allegations of the Complaint state a maritime and admiralty claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

       2.      Defendant admits that the allegations of the Complaint involve the carriage of goods by sea, but except as so admitted denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 2 of the Complaint.

       3.      Defendant admits the allegations of paragraph 3 of the Complaint.

       4.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint.

5.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 6 of the Complaint.

7.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint.

8.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint.

9.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint.

10.      Defendant admits the allegations of paragraph 10 of the Complaint.

11.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint.

12.       Defendant denies the allegations of paragraph 12 of the Complaint.

13.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15.      Defendant admits the allegations of paragraph 15 of the Complaint.

16.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17.      Defendant admits that, as an ocean transport intermediary, it issued certain shipping documents concerning a voyage of the ONE APUS, but otherwise denies the remaining allegations of paragraph 17 of the Complaint.

2

18.     Defendant admits that the identified bills of lading were issued by Ocean Express Network Pte., Ltd., but otherwise denies the remaining allegations of paragraph 18 of the Complaint.

19.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

20.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

21.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

22.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23.     Defendant denies the allegations of paragraph 23 of the Complaint.

24.     Defendant repeats, reiterates and realleges each and every answer to the Complaint set forth in Paragraphs "1" through "23" as if same were more fully set forth at length herein.

25.     Defendant admits that, as an ocean transport intermediary, it issued certain shipping documents concerning a voyage of the ONE APUS, but otherwise denies the remaining allegations of paragraph 25 of the Complaint.

26.     Defendant denies the allegations of paragraph 26 of the Complaint.

27.     Defendant denies the allegations of paragraph 27 of the Complaint.

28.     Defendant denies the allegations of paragraph 28 of the Complaint.

29.     Defendant repeats, reiterates and realleges each and every answer to the Complaint set forth in Paragraphs "1" through "28" as if same were more fully set forth at length herein.

30.     Defendant denies the allegations of paragraph 30 of the Complaint

31.     Defendant admits that, as an ocean transport intermediary, it issued certain shipping documents concerning a voyage of the ONE APUS, but otherwise denies the remaining allegations of paragraph 31 of the Complaint.

32.     Defendant denies the allegations of paragraph 32 of the Complaint.

33.     Defendant admits that, as an ocean transport intermediary, it issued certain shipping documents concerning a voyage of the ONE APUS, but otherwise denies the remaining allegations of paragraph 33 of the Complaint.

34.     Defendant admits that, as an ocean transport intermediary, it issued certain shipping documents concerning a voyage of the ONE APUS, but otherwise denies the remaining allegations of paragraph 34 of the Complaint.

35.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint.

36.     Defendant admits that as a result of heavy weather and other factors, various containers loaded aboard the M/V ONE APUS were not delivered to their intended destination but, except as so admitted, denies the remaining allegations of paragraph 36 of the Complaint.

37.     Defendant denies the allegations of paragraph 37 of the Complaint.

38.     Defendant denies the allegations of paragraph 38 of the Complaint

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

39.     The Complaint fails to state a claim against Defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

40.     The shipments which are the subject of the Complaint were subject to all the

terms, conditions, defenses. limitations, limitations of liability of the United States Carriage of

Good by Sea Act, 46 U.S.C. § 1400, *et seq.*, or other applicable legislation.

## THIRD AFFIRMATIVE DEFENSE

41.     Defendant is not liable to Plaintiff for the causes of action alleged in the

Complaint.

## FOURTH AFFIRMATIVE DEFENSE

42.     The shipments which are the subject of the Complaint were subject to certain

terms, conditions, defenses, limitations and limitations of liability available to Defendant

pursuant to shipping documents issued for the subject voyage of the ONE APUS.

## FIFTH AFFIRMATIVE DEFENSE

43.     Any damage and/or loss to the shipments which are the subject of the Complaint

were caused by the acts, omissions, fault or neglect of the Plaintiff, shippers, receivers or owners

of the shipments, or their respective agents, including inherent defects or quality of the

shipments, or were caused by the acts, omissions, fault or negligence of other persons or entities

for whom Defendant is neither responsible nor liable.

## SIXTH AFFIRMATIVE DEFENSE

44.     Defendant's liability, if any, is limited to $500 per package, or for goods not

shipped in packages, $500 per customary freight unit.

## SEVENTH AFFIRMATIVE DEFENSE

45.     Plaintiff's claims are barred by the statute of limitations applicable to the relevant

shipping documents or other contracts of carriage and the United States Carriage of Goods by

Sea Act, and/or the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE

46.     The Complaint should be dismissed pursuant to the doctrine of *forum non conveniens*.

### NINTH AFFIRMATIVE DEFENSE

47.     Pursuant to Rule 44.1 of the Federal Rules of Civil Procedure, Defendant gives notice of and reserves the right to rely on foreign law to the extent it may be applicable.

### TENTH AFFIRMATIVE DEFENSE

48.     Plaintiff's damages, if any, are attributable to one or more persons and entities from whom Plaintiff fails to seek recovery in this action.

### ELEVENTH AFFIRMATIVE DEFENSE

49.     Plaintiff has failed to mitigate its alleged damages.

### TWELFTH AFFIRMATIVE DEFENSE

50.     Any damages alleged in the Complaint were caused by an Act of God and/or *force majeure* for which Defendant cannot be held liable.

### THIRTEENTH AFFIRMATIVE DEFENSE

51.     Plaintiff lacks standing to assert claims for the alleged damage to the shipments which are the subject of the Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE

52.     Because Defendant is a non-vessel operating common carrier, Defendant did not own or operate the vessel which is the subject of Plaintiff's Complaint, and did not have physical control over said vessel and does not have the right or practical ability to inspect said vessel for seaworthiness, repairs and/or lashing of the cargo.

## FIFTEENTH AFFIRMATIVE DEFENSE

53.     Plaintiff has failed to join an indispensable party, such that the action may not be fully adjudicated in the absence of said party and, therefore, Plaintiff's claim against Defendant should dismissed.

## SIXTEENTH AFFIRMATIVE DEFENSE

54.     Defendant reserves its right to assert additional defenses as such become apparent during the course of these proceedings.

**WHEREFORE**, Defendant prays that the Complaint be dismissed in its entirety with prejudice, together with attorneys' fees, costs disbursements and that Defendant be granted such other and further relief as may be just and equitable.

Dated:  New York, New York
        April 27, 2023

By:     S/Peter Skoufalos_____
        Peter Skoufalos
        BROWN GAVALAS & FROMM LLP
        *Attorneys for Defendant*
        SILVER BIRCH GP, LLC
        60 East 42nd Street, Suite 4600
        New York, New York 10165
        (212) 983-8500
        pskoufalos@browngavalas.com